IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00134-PAB-KLM

TBM LAND CONSERVANCY, INC., a Colorado corporation,

      Plaintiff,

v.

NEXTEL WEST CORP., a Delaware corporation,
NEXTEL FINANCE COMPANY, a Delaware corporation,
NEXTEL COMMUNICATIONS, INC., a Delaware corporation, and
SPRINT COMMUNICATIONS, INC., a Kansas corporation,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the parties' **Stipulated Motion to Stay All Discovery Pending Resolution of Defendants' Motion to Dismiss and Plaintiff's Motion for Remand** [#27][1] (the "Motion").  The parties ask the Court to stay discovery in this case until after the pending Motion to Dismiss [#10] is resolved.[2]

      Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

---

      [1] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

      [2] Plaintiff's Motion to Remand [#22] was summarily denied by the District Judge.  *Minute Order* [#23].

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted));

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was

appropriate when a motion to dismiss for lack of personal jurisdiction was pending);

*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay

may be appropriate if "resolution of a preliminary motion may dispose of the entire action.");

8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed.

1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay

discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v.*

*Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may

be dispositive, the court may stay discovery concerning other issues until the critical issue

is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering

a stay of discovery is not an abuse of discretion when a defendant has filed a motion to

dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin.*

*Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of

discovery pending the determination of a dispositive motion is an eminently logical means

to prevent wasting the time and effort of all concerned, and to make the most efficient use

of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the

interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice

to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery;

(3) the convenience to the Court of staying discovery; (4) the interests of nonparties in

either staying or proceeding with discovery; and (5) the public interest in either staying or

proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties assert no potential prejudice to Plaintiff from a stay, and, indeed, Plaintiff agrees to the stay because "it would be a waste of time and effort, and inefficient use of judicial resources, to proceed with merits-based discovery at this juncture." *Motion* [#27] at 4.  The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, Defendants are correct that proceeding could be wasteful if the District Judge grants the Motion to Dismiss [#10], which would resolve all but one of Plaintiff's claims. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear how much of the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts

-3-

by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#10] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#27] is **GRANTED**.


DATED: May 27, 2015 at Denver, Colorado.




BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge