IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00134-PAB-KLM

TBM LAND CONSERVANCY, INC., a Colorado corporation,

    Plaintiff,

v.

NEXTEL WEST CORP., a Delaware corporation;
NEXTEL FINANCE COMPANY, a Delaware corporation;
NEXTEL COMMUNICATIONS, INC., a Delaware corporation; and
SPRINT COMMUNICATIONS, INC., a Kansas corporation,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion Requesting Dismissal of Defendants' Motion for Attorneys' Fees and Costs as the Prevailing Party in This Action [Docket No. 68]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

On December 21, 2014, plaintiff filed its complaint [Docket No. 3] in the District Court for Jefferson County, Colorado concerning Nextel's[1] termination of a lease with plaintiff granting Nextel the right to use land in Clear Creek County, Colorado owned by plaintiff as a communication site. *See* Docket No. 33 at 2. On January 20, 2015, Nextel West Corp. and Nextel Communications, Inc. removed the case to federal court. Docket No. 1. On September 10, 2015, the Court granted Nextel's motion to dismiss all but the second claim of plaintiff's complaint, which seeks injunctive relief requiring

---

[1] The Court refers to defendants Nextel West Corp., Nextel Finance Company, Nextel Communications, Inc., and Sprint Communications, Inc., collectively, as "Nextel." Sprint is a predecessor of Nextel with respect to the contract at issue. *See* Docket No. 33 at 1-3.

Nextel to remove its equipment from the lease site.[2]  Docket No. 33 at 13.  On August 26, 2016, Nextel filed a motion for attorney's fees and costs regarding all claims but the second claim.  Docket No. 60.  On September 16, 2016, plaintiff filed the instant motion to dismiss defendants' motion for attorney's fees as prematurely filed because no judgment has been entered in this case.  Docket No. 68 at 1.

In support of its motion, plaintiff cites Fed. R. Civ. P. 54(d)(2)(B)(i), which states that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  The plain language of the rule provides a deadline by which a motion for attorney's fees must be filed, but says nothing about when a motion for attorney's fees would be considered premature.  Courts have found that Rule 54 does not require parties to wait for entry of judgment to file a motion for attorney's fees.  *See Keister v. PPL Corp.*, 2015 WL 9480455, at *6 (M.D. Pa. Dec. 29, 2015) ("no final judgment has yet been entered after which fourteen days could have theoretically passed"); *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F. Supp. 2d 733, 739 (D. Md. 2002) ("the 14 day period [under Rule 54] marks an outer temporal limit for filing a motion for attorney's fees"); *but see Bytska v. Swiss Int'l Air Line, Ltd.*, 2016 WL 6948375, at *4 (N.D. Ill. Nov. 28, 2016) (denying a motion for attorney's fees as premature because "there is no judgment for the plaintiff to specify under Rule 54(d)(2)(b)(ii)").  The Court finds that plaintiff's reliance on the deadline in Rule 54 is misplaced.

---

[2]On January 20, 2017, Nextel filed a motion for summary judgment as to plaintiff's second claim and for the return of its security deposit pursuant to its counterclaim.  Docket No. 78.  That motion is pending before the Court.

The real issue is whether Nextel qualifies as a "prevailing party" under the lease despite the lack of a final judgment. Section 11.2(d) of the lease between the parties states: "In the event that either party allegedly defaults under this Lease, the prevailing party in any ensuing action shall be entitled to recover all costs and attorneys fees from the other party." Docket No. 10-1 at 5. Colorado law controls the meaning of this provision. *Ward v. Siebel Living Trust*, 2011 WL 6000531 (10th Cir. Dec. 1, 2011) (unpublished) (Colorado law controls the interpretation of contract granting the "prevailing party" attorney's fees).

To justify granting plaintiff's motion, the Court would need to find that Nextel might not be the "prevailing party" and postpone Nextel's motion until plaintiff's second claim for relief is resolved. Plaintiff provides no argument as to why Nextel would not be the prevailing party in this litigation even if plaintiff's second claim seeking injunctive relief were decided adversely to Nextel.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion Requesting Dismissal of Defendants' Motion for Attorneys' Fees and Costs as the Prevailing Party in This Action [Docket No. 68] is denied.

DATED February 28, 2017.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge